# IN THE COURT OF APPEALS OF IOWA

No. 13-1490
Filed July 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DANIEL E. MORRISSEY,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Black Hawk County, David F.

Staudt, Judge.


        The defendant appeals the district court order sentencing him for several

drug-related offenses. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Dennis D. Hendrickson,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant

Attorney General, Thomas J. Ferguson, County Attorney, and Brad Walz,

Assistant County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., Tabor, J., and Miller, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

The defendant appeals the district court order sentencing him for several drug-related offenses. The court ordered defendant to serve several of his sentences concurrently but made some sentences consecutive, giving defendant a total of ninety years in prison. We conclude the court gave adequate reasons for its overall sentencing plan. We affirm defendant's convictions and sentences.

## I. Background Facts & Proceedings

Based on a trial information filed on August 5, 2011, in FECR177842, Daniel Morrissey entered a guilty plea to the offenses of possession of methamphetamine as a third offender and possession of marijuana as a third offender.

For a trial information filed on December 6, 2011, in FECR180326, Morrissey entered a guilty plea to possession of methamphetamine with intent to distribute as a second and habitual offender, and possession of marijuana with intent to distribute as a second and habitual offender.

Additionally, for a trial information filed on December 16, 2011, in FECR180437, Morrissey entered a guilty plea to manufacturing or conspiring to manufacture methamphetamine as a second and habitual offender, possession of pseudoephedrine or ephedrine with intent to manufacture as a second and habitual offender, and possession of lithium with intent to manufacture as a second or habitual offender.

Based on a trial information filed on March 28, 2013, in FECR190164, Morrissey entered a guilty plea to conspiracy to manufacture methamphetamine

as a second and habitual offender, ongoing criminal conduct, possession of pseudoephedrine with intent to manufacture as a second and habitual offender, possession of a simulated controlled substance with intent to deliver as an habitual offender, possession of methamphetamine as a third offense and habitual offender, and possession of marijuana as a third offense and habitual offender.

A combined sentencing hearing for all four cases was held on September 13, 2013. The State requested a total of 135 years in prison. The defendant recognized he would be going to prison but asked for a sentence of about thirty to forty years. In FECR177842 the court sentenced Morrissey to five years in prison on each of the two offenses. In FECR180326, Morrissey was sentenced to forty-five years in prison on each of the two offenses. In FECR180437 the court sentenced Morrissey to forty-five years in prison on each of the three offenses. All of these sentences were to run concurrently. In FECR190164 Morrissey was sentenced to forty-five years, twenty-five years, forty-five years, fifteen years, fifteen years, and fifteen years respectively on those offenses. The sentences in FECR190164 were to run concurrently with each other, but consecutively to the sentences on the other three cases, for a total of a ninety-year sentence. Morrissey now appeals his sentences.

## II.    Scope & Standard of Review

The scope of our review of a defendant's sentence is for the correction of errors at law. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). When the sentence imposed is within the statutory limits, however, we review to determine

if the district court abused its discretion. *Id.* "An abuse of discretion occurs when the court's decision is based on a ground or reason that is clearly untenable or when the court's discretion is exercised to a clearly unreasonable degree." *State v. Becker*, 818 N.W.2d 135, 140 (Iowa 2012).

**III.    Merits**

Morrissey contends the district court did not give adequate reasons for imposing consecutive sentences, giving him ninety years in prison, rather than making all of his sentences concurrent, which would have given him forty-five years in prison.

Iowa Rule of Criminal Procedure 2.23(3)(d) provides, "The court shall state on the record its reason for selecting the particular sentence." This rule requires courts to also give reasons for imposing consecutive or concurrent sentences. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). The court's reasons for imposing consecutive sentences, however, may be found among the reasons expressed for the overall sentencing plan. *Id.* at 827-28; *State v. Hennings*, 791 N.W.2d 828, 838-39 (Iowa 2010). The court's reasons for imposing consecutive sentences "are not required to be specifically tied to the imposition of consecutive sentences, but may be found from the particular reasons expressed for the overall sentencing plan." *State v. Delaney*, 526 N.W.2d 170, 178 (Iowa Ct. App. 1994).

"Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). "A statement may

be sufficient, even if terse and succinct, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion." *Hennings*, 791 N.W.2d at 838.

At the sentencing hearing, the district court gave a lengthy statement concerning its reasons for the overall sentencing plan. The court noted (1) Morrissey's history of substance abuse, (2) his history of criminal activity, (3) others were affected by his criminal activities, (4) his recidivism, (5) his involvement of others to obtain materials used to manufacture methamphetamine, (6) he was a drug dealer, not just a user, (7) his child was in his home when he was engaged in drug-related activities, (8) his lack of success on probation in the past, (9) he previously absconded from a facility, (10) his potential risk of harm to the community, and (11) his past failures at drug treatment.

Like in *Hennings*, 791 N.W.2d at 838, "[t]he court spoke at length about the information it considered in making a sentencing determination and specifically, what factors influenced its ultimate decision." We conclude the court gave adequate reasons for its overall sentencing plan. We affirm Morrissey's convictions and sentences.

**AFFIRMED.**